**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LINDA AND MAURO COLONNA,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:13-802** |
| v. | : | **(JUDGE MANNION)** |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY.,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

### MEMORANDUM

Presently before the court is the defendant's motion to dismiss the plaintiffs' complaint, requesting declaratory judgment, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 5).

### I.   BACKGROUND

This case arises out of a car accident that injured the plaintiffs, Linda and Mauro Colonna. (Doc. No. 1, ¶8). Mr. Colonna was driving his son's car at the time. (Id., ¶16). The plaintiffs and their son were insured under two separate policies issued by the defendant, Allstate Fire and Casualty Insurance Company ("Allstate"). (Id., ¶16, 20). At the time of the accident, the plaintiffs' son lived with them. (Id., ¶19). The plaintiffs purchased their policy

on May 1, 2010, (Id., Exh. B), while their son purchased his policy on June 10, 2011. (Id., Exh. A). Both policies provide underinsured motorist coverage in the amount of $100,000 per person or $300,000 per accident. (Id., ¶17, 21). The plaintiffs' policy contains an "household exclusion" provision in the underinsured motorists section, which reads in relevant part:

> **Exclusions - What is not covered**
> **Allstate** will not pay any damages an insured person is legally entitled to recover because of:...
> 3. **bodily injury** while in, on, getting into or out of, or when struck by an underinsured **motor vehicle** owned by **you** or a **resident** relative.

(Id., Exh. A)(bolding in original). When the plaintiffs purchased their policy, "there were no vehicles owned or leased by the plaintiffs or a resident relative which were not insured for underinsured motorist coverage under the Linda Colonna policy." (Id., ¶26).

The plaintiffs have suffered various injuries as a result of the accident. (Id., ¶10-15). The driver of the other vehicle was also insured by the defendant and the plaintiffs' have recovered $100,000 from him, the maximum available under his policy. (Id., ¶15). The plaintiffs' then made an underinsured motorist claim under their son's policy, but his $100,000 limit was also insufficient to redress Mrs. Colonna's injuries. (Id., ¶18). Having exhausted the third-party and their son's policies, the plaintiffs made an

2

underinsured motorist claim under their own policy. (Id., ¶23). The defendant denied that claim on April 5, 2012, noting that because they were driving their son's car, the "household exclusion" barred underinsured motorist recovery. (Id., ¶24-25).

## II.	PROCEDURAL HISTORY

This case was commenced on March 28, 2013 when the plaintiffs filed their complaint. (Doc. No. 1). The defendant filed its motion to dismiss on May 29, 2013, (Doc. No. 5), and brief in support on June 12, 2013. (Doc. No. 8). The plaintiffs filed a brief in opposition on June 19, 2013. (Doc. No. 9). The motion is ripe for the court's decision.

## III.	STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the

3

complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached]

4

documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007)*; Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## IV. DISCUSSION

The defendant argues that dismissal is appropriate given that Pennsylvania courts and the Third Circuit have upheld such provisions as

valid. (Doc. No. 8). The plaintiff contends that the "household exclusion" contained in the plaintiffs' insurance policy is invalid because the defendant "failed to perform any risk based analysis to justify the inclusion of this exclusion" when they purchased the policy. (Doc. No. 9). Centrally, the plaintiffs' note that their policy was purchased before their son's policy, thereby distinguishing this case from *Reichert v. State Farm Ins., Co.*, 484 F. App'x 724 (3d Cir. 2012).

"Generally, courts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy." *Prudential Property and Cas. Ins. Co. v. Colbert*, 813 A.2d 747, 750 (Pa. 2002). The interpretation of an insurance contract is a matter of law for the courts to determine. *Erie Ins. Exchange v. Baker*, 972 A.2d 507, 511 (Pa. 2009). "[A] valid household exclusion in an automobile insurance policy precludes coverage." *Reichert*, 484 F. App'x at 726.

The Pennsylvania Supreme Court has discussed at length the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. C.S.A. §1701, noting that the legislation protects insurers against underwriting unknown risks that insured persons have not disclosed or paid to insure. *Colbert*, 813 A.2d at 753 (citing *Burstein v. Prudential Property and Cas. Ins. Co.*, 809 A.2d 204

6

(Pa.2002)). The Third Circuit has also noted that upholding household exclusions "will further the policy goals of the MVFRL of containing insurance costs," something the *Colbert* court relied heavily upon when deciding that case. *Nationwide Mut. Ins. Co. v. Riley,* 352 F.3d 804 (3d Cir. 2003).

The plaintiff does not contend the language of the household exclusion is ambiguous or vague, but focuses entirely on when each insurance policy was purchased. They point the court to Justice Saylor's brief concurrence as part of a *per curiam* opinion of the Pennsylvania Supreme Court. *Government Employees Ins. Co. v. Ayers,* 18 A.3d 1093 (Pa. 2011). Justice Saylor noted: "I would disapprove the utilization of separate policies pertaining to multiple vehicles within the same household solely to subvert intra-policy stacking without any risk-based justification." *Id.* However, the Third Circuit declined to read Justice Saylor's opinion "as casting doubt on the rule that a valid household exclusion provision precludes coverage." *Reichert*, 484 F. App'x at 726.

The court agrees with the plaintiffs that the timing of the purchases differentiates this case from *Reichert*. However, the timing does not bolster the plaintiffs' argument. In *Riley*, a father purchased an insurance policy before his daughter purchased her insurance policy from the same company.

7

*Riley,* 352 F.3d at 805-6. A short time later, the daughter, who was living with her father at the time, was involved in a car accident. *Id.* When she recovered the full policy limit from the other driver and her own policy, she attempted to collect under her father's policy, but was denied coverage based upon the household exclusion included in his policy. *Id.*

The Third Circuit found that the timing of the purchase was critical given that when her father purchased his policy, there was no evidence that the insurer factored in the risk of his daughter having an accident with an uninsured motorist. *Id.* at 810. "Indeed, we may presume that [the insurance company] did not, as [the daughter's] insurance policy was issued months after [the father's] policy." *Riley,* 352 F.3d at 810. If the court voided the household exclusion it "would therefore allow [the daughter] added underinsured policy recoveries, and force [the insurance company] to pay for items not factored into its risk calculation." *Id.*

*Baker* also provides further insight to how the Pennsylvania Supreme Court favors enforcing valid "household exclusion" clauses. In that case, the plaintiff held two separate policies from two different insurers, one that covered his three vehicles, and another that covered his motorcycle. *Baker,* 972 A.2d at 512. He was injured while riding his motorcycle, and subsequently

collected the policy maximum's on the other driver's policy and his own motorcycle insurance policy. *Id.* When he attempted to collect underinsured motorist benefits covered on his cars' policy, the insurance company denied his claim. *Id.* The company rejected his claim because of a clause denying coverage if he is injured driving a vehicle he owned, but insured through another company. *Id.* at 512-13. The Pennsylvania Supreme Court upheld the exclusion because the plaintiff effectively waived his right to any underinsured motorist coverage when driving his motorcycle that was insured through another company. *Id.*

When read together, *Riley* and *Baker* direct the outcome of this case. The plaintiffs obtained an insurance policy that explicitly denied coverage in the event they were injured in a car owned by a resident relative. They drove the car of a resident relative and were injured in an accident. *See Baker*, 972 A.2d at 513 (upholding underinsured motorist coverage when clause explicitly bars recovery where plaintiff is "injured while driving a vehicle he owned, but did not insure with" the defendant). Per the terms of the insurance agreement, recovery is barred.

Turning to the timing, the plaintiffs' policy was enacted prior to their sons, so the defendant could not have evaluated any additional risks, similar

9

to the situation presented in *Riley*. 352 F.3d at 810. Moreover, as that court noted, "[t]he fact that the two vehicles were insured by the same insurance company does not, however, turn the tide" in favor of the plaintiffs. *Id.* At the time the plaintiffs' policy was issued, the defendant had no reason to know of any additional risks it might be insuring, as the plaintiffs admit they did not have any resident relatives or additional vehicles not insured by the defendant. (Doc. No. 1, ¶26).

Even taking into account Justice Saylor's concurrence, it was the plaintiffs' waiver that assured the insurance company that it did not have to conduct a risk evaluation with regard to the resident relative exception. As noted in *Riley*, the court further declines to read Justice Saylor's concurrence as casting into doubt the validity of household exclusion clauses as a matter of Pennsylvania law. The clause is valid and coverage is therefore barred.

As both parties note, the only issue for the court was to determine whether, as a matter of law, the language of the "household exclusion" was valid. Given the court's determination, any leave to amend to the complaint would be futile.

## V. CONCLUSION

For the reasons articulated above, the defendant's motion to dismiss is **GRANTED** with prejudice. An appropriate order will follow.

                                              s/ *Malachy E. Mannion*
                                              **MALACHY E. MANNION**
                                              **United States District Judge**

**Dated: December 3, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0802-01.wpd